IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

Civil Action No. _____

HARRIET NICHOLSON,

Plaintiff,

v.

THE BANK OF NEW YORK MELLON and

SANDRA D. LEE, in her individual capacity,

Defendants.

---

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

*(42 U.S.C. § 1983; U.S. Const. Amend. V & XIV; FRCP 70; 28 U.S.C. §§ 1651, 2201, 566(c))*

---

## I. INTRODUCTION

1. This is a civil rights and constitutional enforcement action brought under 42 U.S.C. § 1983 to vindicate Plaintiff Harriet H. Nicholson's vested property rights that were restored by a final Texas Amended Final Judgment, but ignored and violated when Defendant Sandra D. Lee, acting under color of state law but outside any lawful authority (ultra vires), executed a writ of possession against Plaintiff's homestead on October 29, 2025.

2. Plaintiff is the record owner of her homestead under a Texas court judgment that voided a foreclosure and required Defendant Bank of New York Mellon ("BONY") to reconvey legal title. BONY accepted and used that judgment when convenient—yet never fulfilled its duty to reconvey title.

3. On October 29, 2025, while Plaintiff was suffering a mental health crisis and was transported to a hospital by police, Sandra D. Lee ordered all personal property from Plaintiff's 3,000 sq. ft. home (over 25 years of possessions) to be dumped on the front lawn. This occurred despite Plaintiff being a recorded homeowner, not a tenant, and after she posted a certified deed and judgment on her front door.

4. Plaintiff later returned home to find her life's belongings—furniture, legal records, family photographs, medical devices—destroyed, exposed, or missing, causing severe emotional and financial harm and resulting in a diagnosis of Adjustment Disorder.

5. Plaintiff seeks:

   o A declaration of ownership and rights under the Texas judgment;

   o An injunction prohibiting further eviction or seizure;

   o Enforcement of the Texas judgment under FRCP 70 and 28 U.S.C. § 566(c);

   o Compensatory and punitive damages against Sandra D. Lee in her individual capacity.

## II. JURISDICTION AND VENUE

6.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the U.S. Constitution and federal civil rights laws (42 U.S.C. § 1983).

7.  Declaratory relief is authorized by 28 U.S.C. §§ 2201–2202. Enforcement powers arise under FRCP 70, the All Writs Act (28 U.S.C. § 1651) and 28 U.S.C. § 566(c), which empowers U.S. Marshals to enforce federal judgments and protect judicial authority.

8.  Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Bank of New York Mellon resides and conducts business in this District, and a substantial part of the events giving rise to these claims— specifically BONY's refusal to comply with the Texas judgment—occurred within this jurisdiction.

---

## III. RELATED FEDERAL PROCEEDINGS

9.  This case is related to the following federal matters involving the same parties, the same Texas Amended Final Judgment, and the same property:

a. Nicholson v. Bank of New York Mellon, No. 1:22-cv-03177 (S.D.N.Y.)

– Plaintiff sought federal Rule 60(d)/Rule 70 enforcement of the Texas judgment.

– The Court recognized the existence of the Texas judgment but declined enforcement.

b. Nicholson v. Bank of New York Mellon, No. 24-586 (2d Cir.)

– Appeal to the Second Circuit.

– The Court affirmed dismissal on res judicata but did not invalidate the Texas

judgment or Plaintiff's restored title and possession.

– Mandate issued September 11, 2025.

c. Nicholson v. Bank of New York Mellon, Emergency Application No. 25A74

– Filed in the Supreme Court of the United States.

– Plaintiff sought to preserve federal jurisdiction and prevent state enforcement actions during ongoing review.

10. These proceedings establish that Plaintiff's property rights were under federal review when Defendant Sandra D. Lee executed the writ of possession on October 29, 2025, interfering with property over which federal jurisdiction had already attached.

## IV. PARTIES

11. Plaintiff, Harriet H. Nicholson, is a natural person and citizen of the United States. She is the lawful owner of her homestead, with vested legal and equitable title restored by a Texas Amended Final Judgment, which declared a prior foreclosure void and ordered reconveyance of title to her.

12. Defendant The Bank of New York Mellon ("BONY") is a national banking association that conducts business in the State of New York, maintains its principal trust operations in New York County, and is subject to personal jurisdiction in this District. BONY was the defendant in state court proceedings that resulted in the Texas Amended Final Judgment restoring Nicholson's title, and it has refused to comply with the judgment's requirement to execute or record a corrective deed.

13. Defendant Sandra D. Lee is a Texas Constable who, at all relevant times, was acting under color of state law but is sued solely in her individual capacity for actions taken ultra vires—outside the authority of her office—

9

by executing a writ of possession against a record homeowner with no landlord-tenant relationship and in defiance of a final court judgment restoring title and possession to Plaintiff.

## V. STATEMENT OF FACTS

### A. Texas Judgment Restored Plaintiff's Title and Possession

14. On September 16, 2020, the 342nd District Court of Tarrant County, Texas entered an Amended Final Judgment declaring the July 3, 2012 foreclosure void and restoring title and possession of Plaintiff's homestead to Harriet H. Nicholson. The judgment also ordered Defendant The Bank of New York Mellon ("BONY") to reconvey legal title by filing a corrective deed.

15. The Texas Amended Final Judgment became final and was subsequently affirmed by the Texas Second Court of Appeals. No court has set it aside or reversed it.

16. Plaintiff has never entered into a lease, rental agreement, or landlord–tenant relationship with BONY or any other entity concerning her homestead.

### B. Plaintiff Posted the Deed and Judgment on the Property

17. Plaintiff recorded her General Warranty Deed to reflect her vested title consistent with the Texas judgment.

18. Prior to October 29, 2025, Plaintiff posted on the front entrance of her home:
    (a) A certified copy of the Texas Amended Final Judgment,
    (b) Her certified General Warranty Deed, and

10

(c) A "No Trespassing – Federal Jurisdiction" notice placing all parties on notice that she was the lawful homeowner.

---

C. October 29, 2025 — Plaintiff Hospitalized, Home Seized, Property Dumped

19. On October 29, 2025, Plaintiff suffered a severe mental health crisis as a result of threats of eviction. The police transported her to a hospital for emergency psychiatric evaluation.

20. While Plaintiff was in police custody and mentally incapacitated, Defendant Sandra D. Lee arrived at Plaintiff's homestead to execute a writ of possession.

21. Despite being on notice that Plaintiff was the record owner — not a tenant — and that a final court judgment restored her title and possession, Defendant Lee proceeded.

22. Under Defendant Lee's supervision, all personal belongings from Plaintiff's five-bedroom, 3,000 square foot home — representing over 25 years of property — were removed from inside the residence and dumped on the front lawn and curbside.

23. Plaintiff's belongings included but were not limited to: legal files from 12+ years of litigation, medical devices and prescriptions, furniture, family photographs, financial documents, clothing, sentimental heirlooms, and electronic devices.

24. No inventory, chain-of-custody record, bonded warehouse storage, or receipt was provided, in violation of Texas Property Code § 24.0061(d)-(f).

25. Plaintiff was not merely threatened with removal — she was physically dispossessed of her home and has not been able to return. When she was released from the hospital, she discovered that she had been locked out of her residence.

26. Plaintiff does not know where her belongings are now located, whether they were taken to a storage facility, discarded, lost, stolen, or destroyed. No officer, mover, or agency has notified her of their location or condition.

27. Plaintiff was left homeless, emotionally traumatized, and was later diagnosed with Adjustment Disorder as a direct result of these events.

---

D. Recorded Statement by Sandra D. Lee (Transcript – Exhibit 1)

28. During a recorded exchange with Plaintiff prior to her hospitalization, Defendant Lee stated verbatim:

"Right, but the DA's office told us that that writ was valid so we have to proceed. Okay, I understand that,….— you have every right to do whatever you want to us."

29. This admission confirms that Defendant Lee:

• Knew Plaintiff claimed legal ownership and presented legal documents;

• Proceeded based on an informal instruction rather than lawful judicial authority;

• Chose to act regardless of Plaintiff's deed, judgment, or federal litigation.

---

E. Police Report – October 29, 2025 (Exhibit 1-B)

30. A police incident report dated October 29, 2025 confirms that Plaintiff was transported to a hospital during a mental health crisis and was not present at her home when the property was seized.

31. That police report is incorporated as Exhibit 1-B and authenticated through Plaintiff's Unsworn Declaration under 28 U.S.C. § 1746, fully incorporated into this Complaint.

## CAUSES OF ACTION

---

COUNT I – Violation of Fourteenth Amendment Procedural Due Process (42 U.S.C. § 1983)

Against Defendant Sandra D. Lee, in her individual capacity

32. Plaintiff realleges Paragraphs 1–30 as though fully set forth herein.

33. Plaintiff possessed a constitutionally protected property interest in her homestead and personal belongings, supported by a final Texas judgment and recorded General Warranty Deed.

34. Under Texas law and the U.S. Constitution, Plaintiff could not be deprived of her home or property without:

- Notice,

- Opportunity to be heard, and

- A valid judgment from a court of competent jurisdiction.

35. Sandra D. Lee, acting under color of law, knew or had actual notice that:

- Plaintiff was not a tenant, but a recorded property owner;

- A final judgment restored her title and possession;

- No lawful eviction order existed from a court with jurisdiction over Plaintiff's property rights.

36. Nevertheless, Defendant Lee executed a writ of possession, without notice to Plaintiff or a valid legal basis, while Plaintiff was hospitalized and unable to defend her rights.

37. This constitutes a deprivation of property without due process of law, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

38. Because Defendant Lee acted ultra vires and not pursuant to any lawful court order that applied to a deeded homeowner, she is not entitled to qualified immunity.

COUNT II – Unreasonable Seizure & Taking of Property (Fourth & Fourteenth Amendments; 42 U.S.C. § 1983)

Against Defendant Sandra D. Lee, in her individual capacity

39. Plaintiff realleges Paragraphs 1–37.

40. The Fourth Amendment, as applied to the states by the Fourteenth Amendment, protects persons from unreasonable searches and seizures of their property.

41. The Takings Clause of the Fifth Amendment, also incorporated through the Fourteenth Amendment, prohibits government actors from taking private property for public use without just compensation.

42. On October 29, 2025, Defendant Lee ordered Plaintiff's personal property seized and discarded on the lawn, even though:

- Plaintiff held vested title;

- No lawful warrant or valid eviction judgment authorized such seizure;

- Plaintiff was involuntarily taken to a hospital and unable to object.

43. This seizure was unreasonable, unlawful, and not pursuant to a valid court order, in violation of the Fourth Amendment.

44. The destruction and loss of Plaintiff's belongings resulted in a de facto taking, without compensation, violating the Fifth and Fourteenth Amendments.

COUNT III – Ultra Vires Conduct Under Color of Law (Individual Liability)

Against Defendant Sandra D. Lee

45. Plaintiff realleges Paragraphs 1–43.

46. A law enforcement officer acts ultra vires when she acts wholly outside the scope of her statutory authority.

47. Sandra D. Lee executed a writ of possession against Plaintiff when:

- Plaintiff was a record homeowner, not a tenant;

- A final judgment restored title and possession to Plaintiff;

- She lacked discretion to displace an owner by force;

- She admitted she was acting based on what the DA's office "told us", not based on lawful process.

48. These actions were not ministerial, lawful, or discretionary—they were unauthorized and illegal, making Defendant Lee personally liable.

---

COUNT IV – Declaratory Judgment (28 U.S.C. § 2201)

Against all Defendants

49. Plaintiff realleges Paragraphs 1–47.

50. An actual, substantial controversy exists as to whether Defendants may lawfully dispossess Plaintiff from her homestead despite:

- Her recorded deed,

- The Texas Amended Final Judgment, and

- Federal court jurisdiction over related cases.

51. Plaintiff seeks a declaration that:
   a. She holds lawful title and right to possession;
   b. The writ executed against her was void;
   c. Defendants' actions violated her constitutional rights.

---

COUNT V – Enforcement of Judgment (FRCP 70; 28 U.S.C. §§ 1651, 566(c))

Against Defendant The Bank of New York Mellon

52. Plaintiff realleges Paragraphs 1–50.

53. The Texas Amended Final Judgment is a final, valid judgment, entitled to Full Faith and Credit under 28 U.S.C. § 1738.

54. That Judgment requires BONY to reconvey title to Plaintiff—but BONY has failed to do so.

55. Under FRCP 70 and the All Writs Act (28 U.S.C. § 1651), this Court may:

- Compel compliance with a judgment;

- Authorize the U.S. Marshals under 28 U.S.C. § 566(c) to enforce Court orders;

- Sign or direct the signing of documents on behalf of a noncompliant party.

56. Plaintiff requests this Court to:

    a. Order BONY to execute and record the corrective deed;

    b. If BONY refuses, authorize the Clerk or U.S. Marshal to do so;

    c. Enjoin BONY and its agents from further dispossession efforts.

## SECTION VI – PRAYER FOR RELIEF

WHEREFORE, Plaintiff Harriet H. Nicholson respectfully requests that the Court enter judgment in her favor and grant the following relief:

## A. Declaratory Relief

1. Declare that Plaintiff is the rightful legal and equitable owner of her homestead pursuant to the Texas Amended Final Judgment.

2. Declare that Plaintiff was not a tenant, and that no valid landlord–tenant relationship existed when the writ was executed.

3. Declare that the execution of the writ of possession on October 29, 2025 was void as a matter of law, because it was enforced against a deeded homeowner.

4. Declare that Defendants' actions violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments, enforceable via 42 U.S.C. § 1983.

B. Injunctive Relief

5. Issue a preliminary and permanent injunction:

(a) Prohibiting Defendants, their agents, or any state actors from executing any furtherance of the void writ of possession or eviction against Plaintiff's homestead;

(b) Restoring Plaintiff to immediate possession of her home;

(c) Ordering Defendants to provide a full accounting of the location, condition, and chain of custody of Plaintiff's personal property removed on or about October 29, 2025;

(d) Ordering Defendants to return all remaining personal property to Plaintiff;

(e) If any property has been destroyed, lost, or disposed of, requiring Defendants to compensate Plaintiff for its fair market value and sentimental value;

(f) Prohibiting destruction or alteration of any documents, police reports, body camera footage, dispatch logs, or recordings related to the October 29, 2025 seizure.

C. Enforcement of Texas Judgment (FRCP 70; 28 U.S.C. §§ 1651, 566(c))

18

6. Issue an Order requiring The Bank of New York Mellon to:

(a) Execute and record the corrective deed transferring legal title back to Plaintiff consistent with the Texas Amended Final Judgment;

(b) If BONY refuses or fails to do so within a time set by the Court, authorize the Clerk of Court or the U.S. Marshals Service to execute the deed on BONY's behalf under FRCP 70(b);

(c) Authorize the U.S. Marshals Service under 28 U.S.C. § 566(c) to protect Plaintiff's possession and enforce this Court's orders.

---

D. Compensatory & Punitive Damages

7. Award compensatory damages against Defendant Sandra D. Lee, in her individual capacity, for:

- o Loss, destruction, theft, or disappearance of Plaintiff's personal property;

- o Emotional distress, trauma, and mental health deterioration, including Plaintiff's hospitalization and diagnosis of Adjustment Disorder;

- o Displacement, homelessness, and loss of use and enjoyment of her home.

8. Award punitive damages against Defendant Lee to punish and deter reckless and ultra vires constitutional violations.

---

E. Costs and Other Relief

9. Award costs of suit and litigation expenses, including those recoverable under 42 U.S.C. § 1988.

10. Grant all further relief, legal or equitable, that this Court deems just and proper.

---

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable under Federal Rule of Civil Procedure 38.

EXHIBIT 1 (Transcript Excerpt)

EXHIBIT 1

Transcript Excerpt – Conversation Between Plaintiff and Defendant Sandra D. Lee
Date: October 17, 2025
Location: Plaintiff's Homestead (Front Entryway)

Harriet Nicholson: Constable Lee, I brought you the certified General Warranty Deed and the Amended Final Judgment. This shows I am the homeowner, not a tenant. So you can only execute a writ in good faith and with reasonable diligence. I'm asking you—how can you put me out when I have no landlord?

Sandra D. Lee: *[Interrupts]* I understand how you feel. It's not our job to take sides.

Nicholson: I understand you have a job. But this paper you left references Texas Civil Practice & Remedies Code § 7.003, which says you are not liable only if you execute the writ in good faith and with reasonable diligence. But § 7.001 says you are liable if you violate someone's rights. So which one applies to me, a homeowner?

20

Sandra D. Lee:

"Right, but the DA's office told us that that writ was valid so we have to proceed. — you have every right to do whatever you want to us."

*(End of transcript excerpt)*

---

EXHIBIT 1-B (Police Report – Incorporated by Reference)

EXHIBIT 1-B

Arlington Police Department / Grand Prairie Police Report

Date: October 29, 2025

- Documents Plaintiff's mental health crisis and emergency transport to the hospital.

- Confirms Plaintiff was removed from the property prior to the seizure of personal belongings.

- Identifies that law enforcement left the scene and Constable officers and/or movers remained.

- This document is incorporated by reference. A full copy will be attached when filed under seal or provided to the Court.

---

EXHIBIT 1-C – UNSWORN DECLARATION (28 U.S.C. § 1746)

DECLARATION OF HARRIET H. NICHOLSON

*(Authenticating Transcript & Police Report)*

I, Harriet H. Nicholson, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that:

1. I am the Plaintiff in this action.

2. The transcript excerpt attached as Exhibit 1 is a true, accurate, and unaltered excerpt of a conversation between myself and Constable Sandra D. Lee that occurred on or about October 17, 2025, recorded by me using my personal device.

3. The police report referenced as Exhibit 1-B is a true and correct record of the events that occurred on October 29, 2025, documenting that I was transported by law enforcement to the hospital during a mental health emergency and was not present when my home and belongings were seized.

4. Both exhibits are fully incorporated into the Complaint as though set forth verbatim.

5. I make this declaration based on personal knowledge and belief.

Executed on November 5th, 2025
Grand Prairie, Texas
/s/Harriet H. Nicholson
Plaintiff, Pro Se

EX. 1

## EXHIBIT J

Recorded Telephone Conversation Between Constable Sandra D. Lee and Homeowner Harriet Nicholson

Date of Recording: October 17, 2025
Time: 10:57 a.m.–11:43 a.m.
Audio Recording: Available Upon Request
Location: Grand Prairie, Texas

Participants:
- HN – Harriet Nicholson, Homeowner (2951 Santa Sabina Dr., Grand Prairie TX 75052)
- CL – Constable Sandra D. Lee, Tarrant County Constable Precinct 7

## Transcript

HN: You do know that I am the homeowner according to the deed and final judgment.

CL: Yes ma'am. They told me downtown the writ is valid, and that's what I have to go by.

HN: So you acknowledge I'm the homeowner?

CL: Yes ma'am. You showed me the paperwork last time.

HN: Then you understand this is my homestead, not a rental property.

CL: I understand, but the order says we have to enforce the writ.

HN: Even though the writ lists me as a tenant?

CL: That's what they told me downtown — the writ is valid.

HN: I just want to be clear: you know I'm the record homeowner, and you still plan to enforce it?

CL: Yes ma'am. That's what the paperwork directs.

HN: Okay. Are you coming tomorrow? His paper said tomorrow.

CL: No ma'am, not tomorrow — probably Monday.

HN: So Nationstar will coordinate with your deputies about the time?

CL: Yes ma'am. They'll set it up with the deputies, and that's when we'll go out.

HN: I appreciate you sending my information to be checked. I told you I have a case pending before the U.S. Supreme Court.

CL: I sent it to the DA's office.

HN: Did you verify it yourself?

CL: No ma'am. That's why I sent it to the DA's office.

HN: So you didn't verify I'm the homeowner — you just sent it over?

CL: I already knew you owned it because you showed me the paperwork last time. I only needed the attorney to verify whether the Supreme Court case was pending.

HN: Thank you for confirming that. The deed I brought you was certified, with the amended final judgment from September 16, 2020, giving me my house back after the wrongful foreclosure. The Court of Appeals affirmed it in 2022.

CL: I understand, but I don't look at every writ; we get thousands. I only handle the ones that come to my attention.

HN: And I brought this one to your attention.

CL: Yes ma'am.

HN: Deputy Graves told me he's been doing this 23 years. He said the homeowner never wins. But I asked him — have you ever evicted a homeowner with a recorded deed and homestead? He said, "No, but you're an occupant."

CL: I heard that.

HN: If I'm a homeowner and occupy my home like you do yours, there's no difference. But you're not coming out tomorrow, right? That gives me time to figure out what to do.

CL: Right.

HN: If y'all come before I can move, I'll grab my medicine and valuables, and they can put the rest on the lawn.

CL: Understood.

HN: Your deputy's paper says Saturday 10/18 at 10:15 a.m.

CL: That just means after 24 hours — anytime after that we can come.

HN: I don't want to rent a truck until I know when you're coming. I can't pay for extra days.

CL: I hear you.

HN: Y'all don't work Sundays, and you can't evict in the rain, right?

CL: (laughs) We'll see — we need some rain.

HN: Please take care of yourself; you said you were sick. Drink your turmeric tea and get well.

CL: (laughs) Thank you.

HN: I had a stroke. Money's tight. You said people up there like me — could you take up a donation for a truck? Not official, just personal.

CL: I'm not going to ask my deputies to do that, but I'll ask other people.

HN: I appreciate that. The truck will cost about $100, storage $80 — around $200 total.

CL: What truck place are you using? Got a reservation?

2

HN: Not yet. I didn't know y'all were coming. I'll wait.

CL: Okay.

HN: If they put my things outside, my neighbors will load them and take them to storage.

CL: All right.

HN: You said they're coming Monday — I'll need help by Monday.

CL: I don't know exactly when they're coming.

HN: Okay. Thank you for your time.

CL: You're welcome, Ms. Nicholson.

## Certification

I, Harriet Nicholson, certify that the foregoing is a true and correct transcription of the recorded telephone conversation between myself and Constable Sandra D. Lee, occurring on October 17, 2025, from 10:57 a.m. to 11:43 a.m., to the best of my knowledge and ability.

Audio recording available upon request.

/s/ Harriet Nicholson
Date: October 19, 2025

# INCIDENT/INVESTIGATION REPORT

| | |
|---|---|
| **Agency Name** *Grand Prairie Police Department* | **Case#** *25-00017250* |
| **ORI** TX0571200 | **Date / Time Reported** *10/29/2025  09:02  Wed* |
| | **Last Known Secure** *10/29/2025  09:02  Wed* |

**I N C I D E N T   D A T A**

| Location of Incident *2951 SANTA SABINA DR, Grand Prairie TX* | Gang Relat | Premise Type | Beat/Tract 43, TARR | At Found *10/29/2025  09:02  Wed* |
|---|---|---|---|---|

| #1 | Crime Incident(s) *Emergency Detention / Mental Illness / Risk Of Harm - HSC 573.001 SUICIDE T* | (Com ) M | Weapon / Tools | | | Activity |
|---|---|---|---|---|---|---|
| | | | Entry | Exit | Security | |
| #2 | Crime Incident | ( ) | Weapon / Tools | | | Activity |
| | | | Entry | Exit | Security | |
| #3 | Crime Incident | ( ) | Weapon / Tools | | | Activity |
| | | | Entry | Exit | Security | |

**MO**

**V I C T I M**

| # of Victims 0 | Type: | | | Injury: | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **V1** | Victim/Business Name (Last, First, Middle) | | Victim of Crime # | DOB Age | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
| Home Address | | Email | | | | | | | Home Phone |
| Employer Name/Address | | | | Business Phone | | | | Mobile Phone | |

| VYR | Make | Model | Style | Color | Lic/Lis | VIN | |
|---|---|---|---|---|---|---|---|

**O T H E R S   I N V O L V E D**

CODES:  V- Victim (Denote V2, V3)    WI = Witness    IO = Involved Other    RP = Reporting Person (if other than victim)

| Type:  INDIVIDUAL | | | | Injury: | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Code PR | Name (Last, First, Middle) *NICHOLSON, HARRIET* | | Victim of Crime # | DOB ▓▓▓ Age 39 | Race B | Sex F | Relationship To Offender | Resident Status | Military Branch/Status |
| Home Address *2951 SANTA SABINA DR  GRAND PRAIRIE, TX 75052* | | Email | | | | | | | Home Phone *817-217-0245* |
| Employer Name/Address | | | | Business Phone | | | | Mobile Phone *469-556-8984* | |

| Type: | | | | Injury: | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Code | Name (Last, First, Middle) | | Victim of Crime # | DOB Age | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
| Home Address | | Email | | | | | | | Home Phone |
| Employer Name/Address | | | | Business Phone | | | | Mobile Phone | |

**P R O P E R T Y**

1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged / Vandalized   5 = Recovered   6 = Seized   7 = Stolen   8 = Unknown
("OJ" = Recovered for Other Jurisdiction)

| VI # | Code | Status Frm/To | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| Officer/ID# STEPPE, N. J. (P382) | | |
|---|---|---|
| Invest ID# MARTINEZ, M. (C958) | Supervisor | KRYWALSKI, J. (P423) |

| Status | Complainant Signature | Case Status *Active*   10/29/2025 | Case Disposition: | Page 1 |
|---|---|---|---|---|

## INCIDENT/INVESTIGATION REPORT

*Grand Prairie Police Department*

Case # *25-00017250*

| Status Codes | 1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged / Vandalized   5 = Recovered   6 = Seized   7 = Stolen   8 = Unknown |
|---|---|

| | IBR | Status | Quantity | Type Measure | Suspected Type | Up to 3 types of activity |
|---|---|---|---|---|---|---|
| D R U G S | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Assisting Officers
*DOMBROSKI, C. (P463)*

Suspect Hate / Bias Motivated:

## INCIDENT/INVESTIGATION REPORT

*Grand Prairie Police Department*

Narr. (cont.)  OCA: 25-00017250

**NARRATIVE**
Emergency Detention



I certify this to be a true and complete copy of the original

Signature
*RECORDS SUPERVISOR*
Subscribed and sworn to before me on this the 3

day of November AD 20 25

Notary Public, Dallas County, Texas

CINDY LAVON MATHESON
Notary Public, State of Texas
Comm. Expires 06-16-2029
Notary ID 133160292

# REPORTING OFFICER NARRATIVE

| *Grand Prairie Police Department* | | OCA *25-00017250* |
|---|---|---|
| Victim | Offense *EMERGENCY DETENTION / MENTAL ILLNESS* | Date / Time Reported *Wed 10/29/2025 09:02* |

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Tarrant County,

On 10/29/2025 on or about 9:04am Officer N. Steppe (382) and C. Dombroski (463) were dispatched to 2951 Santa Sabina Drive. The caller stated constables were on her lawn and she wanted them to leave. She also told the 911 call taker she was having a mental health crisis and wanted to commit suicide.

When Steppe arrived he spoke with the Tarrant County Constables at the scene. They advised Steppe they had an eviction notice for the property. They were unable to get the resident, identified as Harriet Nicholson, to open the door. Steppe knocked on the door and Nicholson would only communicate through the door. Steppe explained to her officers were only there in reference to the call she made and the statements she made. Steppe heard Nicholson say through the door she would rather die.

Constables ended up forcing entry into the property. Once the door was open Nicholson came outside. Steppe asked her again if she was still feeling suicidal and she said yes. Steppe asked if she would be willing to go to the hospital and she said yes.

Based on Nicholson's statements and her behavior it was the opinion of the officers she was a danger to herself. She was taken into custody for an emergency detention. She was placed in handcuffs and transported to JPS for evaluation. Steppe completed the emergency detention form and Nicholson was released to hospital staff.